United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00125 |
| | § | |
| PEARL DELTA FUNDING, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to me for all pretrial purposes. *See* Dkt. 6. I am sua sponte issuing this memorandum and recommendation to suggest that the court order the conditional dismissal of this lawsuit without prejudice unless Plaintiff Andrew Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

On April 9, 2026, Mitchell, an incarcerated person proceeding pro se, instituted this lawsuit against Defendants. Mitchell was a licensed public adjuster. Mitchell provided his public adjusting services through Mitchell Adjusting International LLC ("MAI"), a Texas limited liability company. At all times, Mitchell has been the sole member of MAI. Mitchell claims that Defendants operated a "predatory merchant cash advance scheme" that "induced [MAI] into a June 2021 renewal carrying a significantly higher fixed daily repayment obligation" that Defendants knew would "exceed MAI's ability to maintain sufficient liquidity for policyholder trust fund disbursements." Dkt. 1 at 1. Mitchell asserts claims for civil RICO, civil RICO conspiracy, breach of contract, fraudulent inducement, conversion, unjust enrichment, and violations of the Texas Finance Code. Mitchell purports to bring this lawsuit as "owner and operator of Mitchell Adjusting International LLC." *Id*. Mitchell cannot do this.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The right to conduct one's own cases personally is limited to one's own interests. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). This rule applies to all "[a]rtificial business entities—such as limited liability companies, corporations, and partnerships." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021).

The Revenue Purchase Agreement that Mitchell attaches to his complaint shows that the MAI was a party to the agreement, not Mitchell personally. *See* Dkt. 1-2 at 2. The merchant cash advances on which this lawsuit is based were issued to MAI as the account holder, not to Mitchell personally. *See* Dkt. 1-3. The account statements attached to the complaint are accounts held in MAI's name, not Mitchell's name. *See* Dkt. 1-4. The claims here clearly belong to MAI, the company with whom Defendants contracted. MAI can appear in federal court only through an attorney. Mitchell is not an attorney. Thus, he cannot prosecute MAI's claims himself. *See, e.g.*, *Robinson v. Ashland Inc.*, No. 1:24-CV-97, 2024 WL 5158429, at *8 (E.D. Tex. Dec. 18, 2024) (collecting cases and holding that "Plaintiffs, even as sole owners of their LLC, lack standing to assert claims individually where the cause of action belongs to the company.").

"A district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (cleaned up). Fairness "requires both notice of the court's intention and an opportunity to respond." *Id.* (quotation omitted). Here, Mitchell has both the opportunity to object to this memorandum and recommendation and, in the event it is adopted, 30 days to appear through counsel before this action is dismissed without prejudice. That is fair.

## CONCLUSION

For the reasons discussed above, I recommend that the court order the conditional dismissal of this lawsuit without prejudice unless Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __30__ day of April 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3