United States District Court
Southern District of Texas
**ENTERED**
May 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:26-cv-00125 |
| | § | |
| PEARL DELTA FUNDING, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On April 23, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 6. Judge Edison filed a memorandum and recommendation sua sponte on April 30, 2026, recommending that the court order the conditional dismissal of this lawsuit without prejudice unless the plaintiff appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 8.

On May 12, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 11. The plaintiff simultaneously filed a motion for appointment of counsel and a motion to stay, requesting the same relief requested in his objections. Dkts. 12, 13. Because these motions request the same relief requested in the plaintiff's objections, the court will address these two motions alongside the plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff first objects that "M&R treats the [complaint's attached documents] as dispositive while overlooking the agency relationship by which Plaintiff was the disclosed principal behind his son and signatory." Dkt. 11 at 4. This objection is overruled. Agency law has no application to the question of whether the plaintiff, standing in his LLC's shoes, may appear pro se or must be represented by counsel. To the extent the plaintiff believes that he has claims in his individual capacity, and not as the sole member of his LLC, the plaintiff will be permitted to amend his complaint to make such claims clear.

In his second objection, the plaintiff argues that  he "need not establish first-party reliance to recover under RICO for wire-fraud predicates; he need only establish direct injury to his business or property proximately caused by the predicate acts." Dkt. 11 at 6. In support, the plaintiff cites the Supreme Court's decision in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008). *Bridge*, like *Sprint*, is inapplicable here because it says nothing about whether a non-

attorney can represent an LLC's interests, or whether the sole member of an LLC has RICO standing based on injuries derived from harm to his LLC. The relevant authority is *National Enterprises, Inc. v. Mellon Financial Services Corp. No. 7*, 847 F.2d 251 (5th Cir. 1988), in which the Fifth Circuit rejected the notion of derivative RICO standing. Here, as in *National Enterprises*, "the only sound perspective is to view [the plaintiff]'s injury of non-payment as flowing from the legitimate contractual relationship [his LLC] had [with the defendants]." *Id.* at 254; *see also Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 596 (6th Cir. 2022) (observing that "derivative losses are not direct injuries for RICO purposes"); *Lunnon*, 2022 WL 17729999, at *7 (upholding "district court's determination that [the plaintiff's LLC] was the proper plaintiff on the RICO claim . . . and that [the plaintiff], who is not a licensed attorney, could not represent [his LLC] on the RICO claim").

In his third objection, the plaintiff objects that he has standing as the real party in interest under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008). This objection is overruled. *Sprint* did not address whether a non-lawyer may proceed pro se on behalf of a limited liability entity and has no bearing here.

The plaintiff also objects that Judge Edison wrongly recommended dismissal without first affording the plaintiff an opportunity to cure under Rule 17(a) and *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001). This objection is overruled. Unlike here, the court in *Wieburg* dismissed the action

outright. Judge Edison recommended *conditional* dismissal if the plaintiff does not appear through licensed counsel within 30 days. If the plaintiff appears through licensed counsel, the action will not be dismissed. If the plaintiff does *not* appear through licensed counsel, the action will be dismissed, but *only* once the 30 days have passed. Conditional dismissals are a standard means for dealing with the substitution of the real party in interest. *See, e.g.*, *Wright v. Sears Roebuck & Co.*, No. CIV.A. 09-1498, 2010 WL 6032803, at *5 (W.D. La. Oct. 19, 2010) (holding that the remedy under Rule 17 is conditional dismissal unless the real party in interest joins the litigation), *report and recommendation adopted*, No. CIV.A. 09-1498, 2011 WL 867252 (W.D. La. Mar. 10, 2011).

In his fourth objection, the plaintiff argues that Judge Edison should have considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. The United States Supreme Court held more than 30 years ago that § 1915 extends only to natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to appoint counsel to a corporate plaintiff—or to a non-lawyer attempting to assert a corporate plaintiff's claims—under § 1915.

While the Fifth Circuit has recognized a district court's "inherent power to appoint counsel for an insolvent corporate criminal defendant," this court is unaware of any authority that would support appointing counsel for a corporate *plaintiff* in *civil* litigation. *Naranjo*, 809 F.3d at 802. Assuming the court has such inherent power, the court declines to use it. If the value of this litigation is as great

as the plaintiff believes, he should have no difficulty securing counsel on a contingency basis. It is for this reason that the court also declines to appoint counsel to the plaintiff in his individual capacity.

It is therefore ordered that:

(1)    Judge Edison's memorandum and recommendation (Dkt. 8) is approved and adopted in its entirety as the holding of the court;

(2)    The plaintiff has 30 days from the date of this order to file an amended complaint asserting claims solely in his individual capacity and not as the sole member of his LLC or as an assignee of its claims;

(3)    The plaintiff's motion for appointment of counsel (Dkt. 12) is denied;

(4)    This case is conditionally dismissed unless, within 30 days from the entry of this order, the plaintiff appears through licensed counsel to assert claims belonging to his LLC or files an amended complaint asserting only individual claims against the defendants and not as his LLC's sole member or as an assignee of his LLC's claims; and

(5)    The plaintiff's motion to stay (Dkt. 13) is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 27th day of May, 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE